UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE SANTIAGO VILA-ALFARO,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondents.

Case No. 2:26-cv-637-KCD-DNF

_____/

## ORDER

Petitioner Jose Santiago Vila-Alfaro has filed a pro habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment. (*Id.*) Respondent opposes the petition. (Doc. 11.) For the reasons below, the petition is **GRANTED**.

## I. Background

Vila-Alfaro, a Cuban citizen, entered the United States in 1980 during the Mariel boatlift. He was then ordered removed in 1999, but was released on an order of supervision. After an arrest for cocaine possession, he was taken into ICE custody on November 27, 2025. ICE states that it is pursuing removal to Mexico.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period

"reasonably necessary" to secure his removal. 533 U.S. 678, 699 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Vila-Alfaro satisfies the initial temporal requirement. ICE took him into custody over six months ago. Because the period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Vila-Alfaro has carried his initial burden. He has received no indication that ICE will remove him, as they have provided no travel document or a confirmed removal date. (Doc. 1 at 10.) Coupled with his Cuban citizenship and long period of non-removal, those facts are enough.

The burden thus shifts to the Government to rebut Vila-Alfaro's showing, but they fail to do so. *Akinwale*, 287 F.3d at 1052. This outcome should come as no surprise—the record offers no documents, no diplomatic

3

agreements, and no concrete evidence that Vila-Alfaro will be removed in the near future. (Doc. 11.) Instead, the Government submitted a declaration from Michael Rosser, a deportation officer, that summarily states that there is a likelihood of removal to Mexico. (Doc. 11-1.) But ICE offers no evidence that his acceptance into Mexico is likely. Indeed, not even a rough estimate of how long those procedures will take is offered. (*Id.*) Because ICE offers no concrete evidence that removal is likely in the near future, Vila-Alfaro must be released.

### III. Conclusion

Because the Government cannot show any real prospect of deportation, the Court finds no significant likelihood that Vila-Alfaro will be removed in the reasonably foreseeable future. He is therefore entitled to release from ICE custody under *Zadvydas*. But that release is not a free pass—he remains subject to the strict conditions of his order of supervision. To the extent Vila-Alfaro's petition raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Maique Gonzalez from custody within 48 hours of this Order under the prior conditions of

supervision, which Petitioner must continue to comply with. Respondents shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ORDERED** in Fort Myers, Florida on June 8, 2026.

Kyle C. Dudek
United States District Judge